# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| ZACHARY DUNNE, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-18-4519 |
| | § | |
| ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, | § | |
| | § | |
| *Defendant*. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the court is defendant Allstate Vehicle and Property Insurance Company's ("Allstate") motion for summary judgment. Dkt. 13. Plaintiff Zachary Dunne responded and the motion is ripe for consideration. Dkt. 18. Having considered the motion, response, reply, sur-reply, and both parties' supplemental briefing, the court is of the opinion that Allstate's motion for summary judgment should be GRANTED in part and DENIED in part.

## I. BACKGROUND

The parties do not dispute the essential facts. A storm damaged Dunne's house on or about June 20, 2018. Dkt. 13 at 3. At the time, Dunne's house was insured under an Allstate Homeowner's Policy (the "Policy"). *Id.* Dunne reported a claim to Allstate regarding the storm damage on July 3, 2018. *Id.* Allstate's adjuster inspected the property and determined the damage was below Dunne's deductible and denied the claim. *Id.*

Pursuant to the Texas Insurance Code, Dunne sent a pre-suit notice letter to Allstate after the initial inspection. Dkt. 18 at 2. Allstate requested a re-inspection and again determined the damage was below Dunne's deductible despite increasing its estimate. *Id.* Dunne proceeded to file suit on

October 29, 2018 for breach of contract, and statutory claims for bad faith and failure to promptly pay Dunne's insurance claim. *Id.*

On January 10, 2019, Allstate invoked the appraisal provision in the Policy, which provides a means for determining the amount of loss when the insurer and insured cannot agree. Dkt. 13 at 3, 51. The parties' chosen appraisers returned an agreed signed appraisal on February 19, 2019, and Allstate issued checks totaling the appraisal amount less depreciation and deductible that same day. *Id.* at 4. Allstate notified Dunne of its intent to pay on February 20, 2019. *Id.*; Dkt 18 at 5. Dunne cashed these checks on February 26, 2019. Dkt. 18 at 6; *see also* Dkt. 13 at 128-31.

## II. LEGAL STANDARD

A court shall grant summary judgment when a "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A] fact is genuinely in dispute only if a reasonable jury could return a verdict for the nonmoving party." *Fordoche, Inc. v. Texaco, Inc.*, 436 F.3d 388, 392 (5th Cir. 2006). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2540 (1986). If the moving party meets its burden, the burden shifts to the non-moving party to set forth specific facts showing a genuine issue for trial. Fed. R. Civ. P. 56(e). The court must view the evidence in the light most favorable to the non-movant and draw all justifiable inferences in favor of the non-movant. *Envtl. Conservation Org. v. City of Dallas*, 529 F.3d 519, 524 (5th Cir. 2008).

## III. ANALYSIS

A. <u>Breach of Contract Claim</u>

Allstate asserts that Dunne cannot maintain his breach of contract claim because Allstate timely paid all damages determined by the appraisal. Dkt. 13 at 4. Under nearly identical facts, the Supreme Court of Texas held that "an insurer's payment of an apprisal award . . . forecloses liability on a breach of contract claim." *Ortiz v. State Farm Lloyds*, No. 17-1048, 2019 WL 2710032, at *3 (Tex. June 28, 2019). However, Dunne refutes that Allstate timely paid under the Policy thereby precluding Allstate's estoppel defense. Dkt. 18 at 6-7.

Under Texas Law, insurance policies are interpreted "under the well-established rules of contract construction." *Great Am. Ins. Co. v. Primo*, 512 S.W.3d 890, 892 (Tex. 2017). "The goal of contract interpretation is to ascertain the parties' true intent as expressed by the plain language they used." *Id.* at 893. "[E]very contract should be interpreted as a whole and in accordance with the plain meaning of its terms," and "no provision is rendered meaningless." *Id.* at 892-93. Terms are assigned "their ordinary and generally accepted meaning unless the contract directs otherwise." *Id.* at 893. "If the language lends itself to a clear and definite legal meaning, the contract is not ambiguous and will be construed as a matter of law." *Id.* Ambiguities arise "only when the contract is actually susceptible to two or more reasonable interpretations." *Id.* (Internal quotations omitted). "The fact that the parties disagree about the policy's meaning does not create an ambiguity." *Id.*

Under the Policy, Allstate must "settle any covered loss with [Dunne] . . . within [five] business days after the amount of loss is finally determined. Dkt. 13 at 51. The appraisers' agreed written report definitively determined the amount of loss. *Id.* ("If the appraisers submit a written report of an agreement to [Dunne] and [Allstate], the amount agreed shall be the amount of loss.").

3

The Policy provides two options for settlement: Allstate may opt to either (1) repair or (2) pay for the damaged property. *Id.* at 49. If Allstate notifies Dunne that it will pay his claim, Allstate must pay within five business days after it notifies Dunne. *Id.* at 51.

In this case, Allstate received the appraisers written report on February 19, 2019 and at that point had five business days to settle with Dunne. On February 20, 2019, Allstate notified Dunne that it would pay for the damaged property. Allstate's notice triggered a new five business day period within which it had to pay Dunne. That deadline was February 26, 2019—the date upon which Dunne cashed Allstate's checks. The evidence clearly establishes that Allstate timely paid the appraisal award under the Policy. Therefore, Allstate's motion for summary judgment must be GRANTED as to Dunne's breach of contract claim. *See Ortiz*, 2019 WL 2710032, at *3-4.

B. <u>Statutory Bad Faith Claims</u>

Dunne also brought bad faith claims under Chapter 541 of the Texas Insurance Code. Dkt. 1-5 at 8-9. Allstate argues summary judgment is appropriate on these claims as well because the only misconduct and damages Dunne complained of are related to Allstate's handling and payment of his claim. Dkt. 13 at 7. The *Ortiz* court held that Chapter 541 bad faith claims must be premised on actual damages separate from policy benefits that have already been paid pursuant to the appraisal process. *See Ortiz*, 2019 WL 2710032, at *5. Unless Dunne can show actual damages separate from the policy benefits Allstate paid, judgment for Allstate must be rendered.

In his sur-reply, Dunne maintains that his attorney's fees are damages separate from policy benefits and his bad faith claims may be premised upon these expenses. Dkt. 22 at 5. However, the *Ortiz* court expressly rejected this theory, too:

4

> To the extent Ortiz contends that the attorney's fees and costs he incurred in prosecuting this suit are part of the "actual damages" he is entitled to recover, we disagree. Texas law is clear that attorney's fees and costs incurred in the prosecution or defense of a claim, although compensatory in that they help make a claimant whole, are not damages.

*Ortiz*, 2019 WL 2710032, at *5 (internal quotations omitted). Because Dunne has not plead or proven damages separate from policy benefits and Allstate has paid all policy benefits to which Dunne is entitled, Allstate's motion for summary judgment on Dunne's statutory bad faith claims is GRANTED.

C. Texas Prompt Payment of Claims Act

Finally, Allstate seeks summary judgment on Dunne's prompt payment claims under section 542.054 of the Texas Insurance Code, also known as the Texas Prompt Payment of Claims Act ("TPPCA"). Allstate's sole argument is that full, timely payment of an appraisal award forecloses liability under TPPCA. Dkt. 13 at 11-13. Again, *Ortiz* is instructive. "[A]n insurer's payment of an appraisal award does not as a matter of law bar an insured's claims under the [TPPCA]." *Ortiz*, 2019 WL 2710032, at *6 (citing *Barbara Techs. Corp. v. State Farm Lloyds*, No. 17-0640, 2019 WL 2710089 (Tex. June 28, 2019). As such, Allstate's motion for summary judgment as to Dunne's TPPCA claim must be DENIED.

VI. CONCLUSION

For the foregoing reasons, Allstate's motion for summary judgment is GRANTED as to Dunne's breach of contract and bad faith claims, and DENIED as to Dunne's TPPCA claims.

Signed at Houston, Texas on January 10, 2020.

_____
Gray H. Miller
Senior United States District Judge

5